**GREAT AMERICAN INSURANCE COMPANIES**

v.

**THE M/V ROMERAL, Etc., et al.**

**Civil Action No. 95–1626.**

United States District Court, E.D. Louisiana.

April 11, 1997.

Francis A. Courtenay, Jr., Donald J. Volpi, Jr., Philip S. Brooks, Jr., Courtenay, Forstall, Hunter & Fontana, New Orleans, LA, for Plaintiff.

Gary Alan Hemphill, Cynthia Anne Wegmann, Michael M. Butterworth, Terriberry, Carroll & Yancey, New Orleans, LA, for Compania Sud American Vapores S.A. d/b/a Chilean Line.

Harvey Gardere Gleason, Whitney L. Cole, Wagner, Bagot & Gleason, New Orleans, LA, for London Bridge Shipping Corp. Ltd., V. Ships Shipping Management S.A.M.

### ORDER AND REASONS

MENTZ, District Judge.

■ Before the court is a motion of the plaintiff, Great American Insurance Companies, for reconsideration of cross-motions for partial summary judgment. The issue for reconsideration is whether on-deck stowage of a tractor on a flat-rack container under a clean bill of lading constitutes an unreasonable deviation defeating the $500 per package limitation of liability provided to the carrier under the Carriage of Goods by Sea Act (COGSA), 46 U.S.C.App. § 1304(5).[1] A ship-

per with a clean bill of lading is entitled to expect below-deck stowage. *Ingersoll Milling Machine Co., v. M/V Bodena,* 829 F.2d 293, 299 (2d Cir.1987). As it is undisputed that the bill of lading in this case is clean, the burden of proof is on the carrier, Chilean Lines, to demonstrate that its deviation from below-deck stowage was reasonable. It may accomplish this by showing that the shipper agreed to on-deck stowage or that there was a custom or practice in New Orleans from which on-deck stowage could be anticipated. *See id.; ETS Gustave Brunet v. M/V Nedlloyd Rosario,* 929 F.Supp. 694, 709 (S.D.N.Y.1996).

■ In the original ruling, this court found that the on-deck carriage was not an unreasonable deviation in light of the uncontroverted affidavit of Ronald J. Brunet, General Traffic Manager with Strachan Shipping Co., that "[i]t is customary in the maritime industry to stow oversized equipment such as the Caterpillar tractor in this case on a flat rack and to stow the flat rack on top of other, containerized cargo." As plaintiff notes in its motion for reconsideration, this statement does not establish custom specifically in the Port of New Orleans nor does it address on-deck versus below-deck stowage.

On reconsideration, plaintiff seeks for the first time to have the court consider the affidavit of Jorge H. Molina on the issue of the port custom in New Orleans regarding on-deck versus below-deck stowage of tractors under a clean bill of lading. Defendant Compania Sud American Vapores S.A. d/b/a Chilean Lines objects to the submission of this new evidence at such a late date.

After considering the Rule 59(e) factors set forth by the court in *Lavespere v. Niagara Machine & Tool Works, Inc.,* 910 F.2d 167, 174 (5th Cir.1990), and particularly, the fact that Brunet's affidavit did not address the relevant inquiry of the custom in the port in question regarding stowage of tractors under

---

1. This court previously found that the vessel's calling at an intermediate port and the shifting of the tractor to accommodate other cargo do not in this case constitute an unreasonable deviation. *See Great American Ins. Co. v. The M/V Romeral,*

934 F.Supp. 744 (E.D.La.1996). As the motion for reconsideration does not address the alleged geographic deviation or cargo shifting, the ruling herein does not alter the court's findings on those issues.

clean bills of lading, this court finds that it is appropriate to consider the Molina affidavit.

Molina, an employee of Lusk Shipping in New Orleans who has been in charge of the exportation of Caterpillar tractors and equipment out of the Port of New Orleans for the past 17 years, states that the 2,000 shipments of Caterpillar tractors and/or related equipment he has been involved with, "were invariably provided the protection of under-deck stowage on the carrying vessel." Further, he states that "there exists no custom in the Port of New Orleans that permits an ocean carrier to stow uncontainerized cargo on-deck pursuant to a 'clean' bill of lading," and that when a clean bill of lading is issued, "the prevailing custom in the Port of New Orleans requires the cargo to be stowed under-deck."

Chilean Lines has submitted no contrary evidence of New Orleans port custom or practice regarding on-deck stowage. It also has submitted no evidence that it notified the shipper of on-deck stowage, or that the shipper had some other reason to expect on-deck stowage.

The fact that the bill of lading contained a form clause that gave the carrier the option of stowing "containerized" goods on-deck without notice to the shipper has no effect in this case for two reasons. First, goods on a flat-rack have no side or top protection and therefore are not "containerized". Second, despite the clause language, the bill of lading is indisputably "clean." As stated, under a clean bill of lading, a shipper is entitled to expect below-deck carriage. *See ETS Gustave Brunet*, 929 F.Supp. at 698, 703–04 (where a clean bill of lading contained a form clause providing that "[g]oods, whether or not packed in Containers, may be carried on deck or under deck without notice to the Merchant," the court found that below deck carriage was required); *Hojgaard & Schultz v. Transamerican S.S. Corp.*, 590 F.Supp. 916, 921 (S.D.N.Y.1984) (option to stow on-deck without a specific notation on bill of lading that cargo is being carried on deck is without effect).

There further is no evidence that special circumstances necessitated on-deck stowage, or that oversized equipment, such as this tractor, on a flat rack is more safely stowed on-deck. Similarly, there is no evidence that the risks associated with the shifting of cargo in this case would have been the same or greater had the tractor been stowed below deck.

Accordingly,

IT IS ORDERED that plaintiff Great American Insurance Companies' Motion for Reconsideration is **GRANTED**. On reconsideration, Great American's Motion for Partial Summary Judgment is **GRANTED**, and Compania Sud American Vapores S.A. d/b/a Chilean Line's Motion for Partial Summary Judgment is **DENIED**, finding that the limitation of liability to $500.00 per package under COGSA, 46 U.S.C.App. § 1304(5), does not apply.